UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TAMMY GIBSON,

                          Plaintiff,

       -against-

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.
------------------------------------------------------------X

07 Civ. 2845 (RMB) (KNF)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04.30.09

**I.    Background**

On or about February 13, 2007, Tammy Gibson ("Plaintiff") filed a complaint ("Complaint") pursuant to §§ 205(g) and 1631(c)(3) of the Social Security Act ("Social Security Act"), as amended, 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking review of a decision, dated January 4, 2005 of Mark Shapiro, Administrative Law Judge ("ALJ"), Office of Hearings and Appeals of the Social Security Administration, denying Plaintiff's application, dated May 16, 2000, for disability insurance benefits for the period May 1, 1992 through December 20, 1998. (See Compl. ¶ 1.) The ALJ determined that Plaintiff "did not have a documented, medically determinable impairment that lasted for at least 12 months prior to December 21, 1998." (Administrative Record, dated May 16, 2007 ("AR"), at 24; see id. at 82.) The ALJ also concluded that, although Plaintiff was "disabled within the meaning of the Social Security Act and [r]egulations commencing on December 21, 1998," Plaintiff was not entitled to disability benefits because she "failed to establish that she was disabled on or before the date she was last insured [i.e., December 31, 1997]." (AR at 18.) On or about January 20, 2007, the Social Security Appeals Council denied Plaintiff's request for review. (See AR at 7.)

On or about January 4, 2008, Plaintiff moved for judgment on the pleadings pursuant to

Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(c) arguing, among other things, that the ALJ "did not demonstrate reasonable efforts to develop the evidence relating to the . . . onset of the [Plaintiff's] disabling mental impairments" which Plaintiff claims began on May 1, 1992. (Mem. in Supp. of Pl. Mot. for J. on the Pleadings, dated Jan. 1, 2008, at 7; see Compl. ¶ 5; AR at 82.) On or about January 24, 2008, Michael J. Astrue, the Commissioner of Social Security ("Commissioner") filed a cross-motion for judgment on the pleadings arguing, among other things, that the ALJ reasonably determined that the Plaintiff became disabled on (but not before) December 21, 1998 by relying upon the testimony of Dr. Michael Friedman. (See Mem. in Supp. of Def.'s Mot. for J. on the Pleadings, filed Jan. 7, 2008, at 1; see also AR at 65, 347–48.)

On or about July 15, 2008, United States Magistrate Judge Kevin Nathaniel Fox, to whom the matter had been referred, issued a Report and Recommendation ("Report") recommending, among other things, that: (1) the Commissioner's decision that Plaintiff's disability onset date is December 21, 1998 should be reversed because "no substantial evidence supports the ALJ's finding"; and (2) the Commission "be directed to award the [P]laintiff benefits in accordance with this [Report]," without the need for a remand. (Report at 25.)

The Report advised that, "[p]ursuant to 28 U.S.C. § 636(b)(1) and [Fed. R. Civ. P.] 72(b), the parties shall have ten (10) days from service of this Report to file written objections." (Report at 25.) On or about August 15, 2008, the Commissioner filed objections ("Objections") to the Report stating, among other things, that "the Commissioner does not object to [Judge Fox's] recommendation to reverse the decision of the Commissioner" but that the case should be remanded "for further proceedings rather than an award of benefits." (Commissioner's Obj., dated Aug. 15 2008, at 1, 6.) To date, Plaintiff has neither filed objections to the Report nor responded to the Commissioner's Objections.

**For the reasons that follow, the Report is adopted with the modifications set forth below.**

## II.     Standard of Review

The Court may adopt those portions of a magistrate judge's report to which no objections have been made and which are not clearly erroneous. See Thomas v. Arn, 474 U.S. 140, 149 (1985); Greene v. WCI Holdings Corp., 956 F. Supp. 509, 513 (S.D.N.Y. 1997). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(3); Grassia v. Scully, 892 F.2d 16 19 (2d Cir. 1989); DeLuca v. Lord, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994).

## III.    Analysis

The facts as set forth in the Report are incorporated herein by reference unless otherwise noted. The Court has conducted a de novo review of, among other things, the record, the Report, the Commissioner's Objections, and applicable legal authorities, and adopts the recommendations of Judge Fox with the modifications noted below. See Fed. R. Civ. P. 72(b)(3); Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).[1]

### (1)    Disability Onset

"Determination of the date of onset of disability is governed by Social Security Ruling ['SSR'] 83-20," McCarthy v. Astrue, No. 07 Civ. 0300, 2007 WL 4444976, at *7 (S.D.N.Y. Dec. 18, 2007), which "is binding on all [Social Security Administration] decision-makers," Felicie v.

---

[1]   As to any portion of the Report to which no objections have been made, the Court concludes that the Report is not clearly erroneous. See Pizarro, 776 F. Supp. at 817. Any Objections not specifically addressed in this Order have been considered de novo and rejected.

Apfel, No. 95 Civ. 2832, 1998 WL 171460, at *3 (S.D.N.Y. Apr. 13, 1998) (citations omitted). See SSR 83-20, 1983 WL 31249, at *1. "Where [as here] the ALJ determines that the date of onset is other than what the [Plaintiff] alleges, he has an affirmative obligation to adduce substantial evidence to support his [finding.]" McCarthy, 2007 WL 4444976, at *7 (internal quotations omitted).

Judge Fox properly concluded that "no substantial evidence" supports the ALJ's finding that Plaintiff's disability onset date was December 21, 1998 because, among other reasons, "[t]he ALJ made an inference about the onset date of [Plaintiff's] disability based on the absence of evidence from the record and a misunderstanding of Dr. Friedman's testimony." (Report at 25); see Bell v. Sec'y of Dep't of Health & Human Servs., 732 F.2d 308, 310 (2d Cir. 1984); Telfair v. Astrue, No. 04 Civ. 2122, 2007 WL 1522616, at *4–7 (S.D.N.Y. May 15, 2007).[2] The ALJ "failed to develop the record" and did not, for example, call Plaintiff's daughter, her daughter's paternal grandmother, or an "expert witness in order to infer reasonably the onset date of . . . disability" in accordance with SSR 83-20. (Report at 25); see Miller v. Astrue, No. 03 Civ. 2072, 2008 WL 2540750, at *2 (S.D.N.Y. June 23, 2008); Mann v. Chater, No. 95 Civ. 2997, 1997 WL 363592, at *7 (S.D.N.Y. June 30, 1997) ("SSR 83-20 recommends that if evidence regarding the onset date of disability is missing, testimonial evidence from family, friends, and past employers should be elicited to augment the record."); see also McCarthy, 2007 WL 4444976, at *7–8; Felicie, 1998 WL 171460, at *1–4, 7.

"To determine a medically-reasonable disability onset date for the [P]laintiff, the ALJ on

---

[2]   Judge Fox determined that Dr. Friedman's opinion was insufficient ("'speculative'") because "'[t]he [medical] records aren't there.'" (Report at 24 (quoting AR at 359, 360)); see also Manago v. Barnhart, 321 F. Supp. 2d 559, 569 (E.D.N.Y. 2004) ("the absence of contemporaneous medical records does not preclude a finding that claimant was disabled prior to the expiration of insured status").

4

remand should call on the services of a medical advisor and [appropriate lay witnesses]," and, "[a] convincing rationale should be given for the disability onset date that is chosen." Telfair, 2007 WL 1522616, at *8; see Manning v. Bowen, 717 F. Supp. 429, 432 (W.D. Va. 1989); see also SSR 83-20, 1983 WL 31249, at *1

**(2)  Remand**

"Remand is warranted to determine the exact date of the onset of [Plaintiff's] disability," Figueroa v. Barnhart, 04 Civ. 123, 2006 WL 2291087, at *2 (S.D.N.Y. Aug. 2, 2006); see also Rosa v. Callahan, 168 F.3d 72, 82–83 (2d Cir. 1999); Felicie, 1998 WL 171460, at *6 ("Where . . . reversal is based on legal error and a failure to develop the record, remand for a rehearing is often an appropriate remedy."); see also McCarthy, 2007 WL 4444976, at *9 ("The determination of the date of onset of disability is a fact-driven inquiry, and the act of weighing evidence in Social Security cases properly lies in the domain of the Commissioner, not this Court.").[3]

**IV.  Conclusion**

For the reasons set forth herein and therein, the Report is adopted with the modifications set forth above. This action is remanded to the ALJ, pursuant to the fourth sentence of 42 U.S.C. § 405(g), for further administrative proceedings.

The Clerk of this Court is respectfully requested to enter judgment and close this case.

Dated: New York, New York
April 30, 2009

_____
**RICHARD M. BERMAN, U.S.D.J.**

---

[3]  "[T]he Court expects [these] proceedings to be conducted and resolved expeditiously." Uffre v. Astrue, No. 06 Civ. 7755, 2008 WL 1792436, at *8 (S.D.N.Y. Apr. 18, 2008) (internal quotations omitted).